UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

GREGOIRE M. NLEME,                                    Case No. 16-CV-3247 (JNE/TNL)

               Plaintiff,

v.                                                                          REPORT AND RECOMMENDATION

WALDEN UNIVERSITY,

               Defendant.

---

In 2015, plaintiff Gregoire M. Nleme sued defendant Walden University alleging that, during his enrollment, the school had discriminated against him in violation of several federal laws. *See Nleme v. Walden University*, No. 15-CV-0471 (JNE/TNL) (D. Minn. filed Feb. 9, 2015). The action was eventually dismissed upon motion of the defendant. Most of Nleme's legal theories were futile, as Walden University was not amenable to suit under the provisions then being invoked by him, and those claims were therefore dismissed with prejudice. One claim, however — for discrimination in violation of Title VI of the Civil Rights Act of 1964 — was dismissed without prejudice, as it was at least possible that Nleme could salvage this claim through repleading. *See Nleme v. Walden University*, No. 15-CV-0471 (JNE/TNL), 2016 WL 158518, *1-2 (D. Minn. Jan. 13, 2016). Nleme did not appeal the dismissal.

Nleme now seeks once again to sue Walden University, partly on the same theories put forward in his original action and partly on a handful of new causes of action. Nleme did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of Nleme's IFP application, this Court concludes that Nleme qualifies financially for IFP status.  That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Nleme's factual allegations against Walden University raised in the pending complaint differ slightly from his initial action, but the gist is largely the same.  Nleme enrolled in Walden University's online doctorate of business administration program in 2009.  *See* Compl. at 4 [ECF No. 1].  He alleges that the duration of his course of study at Walden University was marked by

delays and incompetence on the part of school officials.  Although not completely clear from the

complaint, it appears that Nleme withdrew from the doctorate program in 2013 without having

received his degree.  Nleme now seeks reimbursement of tuition paid, monetary compensation

for loss of occupational opportunity, and other assorted relief.  *Id*. at 8.

This action is almost entirely barred by the doctrines of collateral estoppel and res

judicata.  Starting with collateral estoppel: "Collateral estoppel is appropriate when (1) the issue

sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in

a final adjudication on the merits; (3) the party sought to be estopped was either a party or in

privity with a party to the prior action; and (4) the party sought to be estopped was given a full

and fair opportunity to be heard on the issue in the prior action."[1]  *Irving v. Dormire*, 586

F.3d 645 (8th Cir. 2009).  Three of Nleme's claims in this action against Walden University —

for violations of Title IV of the Civil Rights Act of 1964, the Equal Educational Opportunities

Act of 1974, and the Civil Rights Act of 1991 — were based on similar factual allegations and

were clearly and directly adjudicated on the merits in the previous action.  *See Nleme*, 2016

WL 158518, at *2.  Nleme was given a full and fair opportunity to litigate those issues, and the

---

[1]The rule is much the same under Minnesota law: "For collateral estoppel to apply, all of
the following prongs must be met: '(1) the issue must be identical to one in a prior adjudication;
(2) there was a final judgment on the merits; (3) the estopped party was a party or was in privity
with a party to the prior adjudication; and (4) the estopped party was given a full and fair
opportunity to be heard on the adjudicated issue.'" *Hauschildt v. Beckingham*, 686 N.W.2d 829,
837 (Minn. 2004) (quoting *Care Inst., Inc.-Roseville v. County of Ramsey*, 612 N.W.2d 443, 446
(Minn. 2000)).  Because the prior proceedings occurred in a federal forum with only claims
under federal law being raised, the federal collateral-estoppel rule applies, but the result would
be unchanged if examined under the Minnesota rule.

judgment in the previous matter has become final.  The claims have been adjudicated and Nleme

has lost; he cannot reopen the claims in a new lawsuit.[2]

Next, res judicata: Nleme's new claims are brought pursuant to both federal and state

law, and this Court's jurisdiction under both 28 U.S.C. §§ 1331 and 1332 is invoked.

Accordingly, this Court will consider the doctrine of res judicata under both federal and state

law.  The result in either case is identical.

"The doctrine of res judicata, also known as claim preclusion, is designed to promote

judicial economy by preventing litigants from bringing repetitive lawsuits based on the same

cause of action."  *United States v. Brekke*, 97 F.3d 1043, 1047 (8th Cir. 1996).  The Eighth

Circuit has held that "[r]es judicata bars a party from asserting a claim in court if three

requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction;

(2) the decision was a final judgment on the merits; and (3) the same cause of action and the

same parties or their privies were involved in both cases."  *Id*.  The Minnesota rule is largely the

same: "Under Minnesota law, res judicata applies if: '(1) the earlier claim involved the same set

of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there

was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to

litigate the matter.'"  *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 933 (8th Cir.

2016) (quoting, inter alia, *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).

While collateral estoppel applies only to claims actually litigated in an earlier action, "[r]es

judicata applies equally to claims actually litigated and to claims that could have been litigated in

---

[2]In any case, even if Nleme *could* relitigate the claims identified above, those claims
would still be legally infirm for the reasons explained in this Court's November 25, 2015 Report
and Recommendation in the previous lawsuit, as later adopted by the Court.

the earlier action." *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007).

Nleme offers five new legal theories by which Walden University can be held liable for their actions: (1) violations of 18 U.S.C. § 241; (2) violations of 18 U.S.C. § 242; (3) defamation under state law; (4) civil-rights violations under 42 U.S.C. § 1981; and (5) "other states' statutes against discrimination." Compl. at 8. These claims are inadequately pleaded and largely futile,[3] but in any event, they are squarely barred by res judicata. Nleme's earlier action involved the same set of factual circumstances. Both this action and the previous action filed by Nleme concerned Walden University's alleged impropriety during the course of Nleme's course of study from 2009 to 2013. Although Nleme includes a handful of new factual allegations in his pending complaint, both lawsuits are founded around the same "group of operative facts giving rise to one or more bases for suing." *Martin ex rel. Hoff v. City of Rochester*, 642 N.W.2d 1, 9 (Minn. 2002) (quoting *Black's Law Dictionary* 214 (7th ed. 1999)). The same parties were given a full and fair opportunity to litigate the previous action, and Nleme could have offered any of these legal theories in the earlier lawsuit. There is no allegation or reason to believe that this

---

[3]Nleme cannot proceed under §§ 241 or 242 "as they are criminal statutes, and neither of them confers a private right of action." *McDermott v. I.R.S.*, No. 00-CV-0378 (MJD/RLE), 2001 WL 1771645, at *1 n.2 (D. Minn Mar. 27, 2001) (collecting cases)). The complaint does not clearly plead the specific defamatory statements alleged to have been made by Walden University that Nleme relies upon for his defamation claim, as required by Minnesota law. *See, e.g.*, *Stead-Bowers v. Langley*, 636 N.W.2d 334, 342 (Minn. Ct. App. 2001). And Nleme's claims under § 1981 and "other states' statutes against discrimination" fail for the same reason, discussed below, that his Title VI claim fails — there simply are not adequate allegations in the complaint from which a factfinder could conclude that Walden University discriminated against Nleme.

Court lacked jurisdiction to adjudicate the previous dispute.  And the judgment in the earlier action has since become final.

The lone exception is Nleme's claim, brought under Title VI of the Civil Rights Act of 1964, that Walden University discriminated against him during his enrollment.  In the previous action, this claim was dismissed *without* prejudice; the claim was not legally futile in the same way that Nleme's other claims had been, but Nleme had failed to include in his pleadings plausible allegations that Walden University had discriminated against him on the basis of his race, color, national origin, or any other impermissible basis.  Because Nleme could perhaps rehabilitate his Title VI claim through an amendment to his pleading offering further allegations of racial or ethnic discrimination, the claim was dismissed without prejudice, unlike the others. Nleme renews his Title VI claim in this proceeding, and that claim is not barred by collateral estoppel or res judicata.

That said, Nleme's pending complaint offers no new allegations that Walden University discriminated against him based on his race, ethnicity, or any other impermissible reason. Although Nleme's complaint goes on at length about the ways in which Walden University offered him a less-than-perfect educational experience, none of this is tied to any plausible allegations that Walden University acted in the manner it did *because* of Nleme's race, ethnicity, or country of origin.  Even taking each of Nleme's factual allegations as true (as this Court must at this stage of the proceedings), there is simply nothing to suggest that Walden University or its employees acted with an impermissible animus.  Nleme has therefore again failed to state a claim on which relief may be granted under Title VI.

In the previous action, this Court recommended dismissal of Nleme's Title VI claim to be without prejudice; the claim could be rehabilitated, at least in theory, through proper amendment or repleading to add further factual allegations demonstrating discrimination against Nleme by Walden University.  This action, however, marks Nleme's third attempt to plead a Title VI claim against Walden University based on the events that occurred during his enrollment (the original and amended pleadings in the previous lawsuit, and the pending complaint in this matter).  Persistent pleading failure constitutes a basis for dismissal of a claim *with* prejudice.  *See Milliman v. County of Stearns*, No. 12-CV-0136 (DWF/LIB), 2013 WL 5426049, at *16 (D. Minn. Sept. 26, 2013) (collecting cases).  In light of Nleme's inability to present a viable claim for relief under Title VI on three separate occasions, it is now recommended that his Title VI claim — and the remainder of the complaint — be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    This action be SUMMARILY DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

2.    Plaintiff Gregoire M. Nleme's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: November 4, 2016                    ___s/Tony N. Leung_____
                                                                    Tony N. Leung
                                                                    United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.