# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

GREGOIRE M. NLEME,

    Plaintiff,

v.                                            Case No. 16-CV-3247 (JNE/TNL)
**ORDER**

WALDEN UNIVERSITY,

    Defendant.

    This matter is before the Court on a Report and Recommendation ("R&R") issued by the Honorable Tony N. Leung, United States Magistrate Judge, on November 4, 2016. (Docket No. 4.) The R&R was issued in response to Plaintiff Gregoire M. Nleme's application to proceed in forma pauperis in his suit against Defendant Walden University. (*See* Dkt. No. 2.) This is not the first time Nleme has sued Walden University; Nleme previously brought an action in this Court, asserting four claims for discrimination under federal law. *See Nleme v. Walden Univ.*, No. 15-CV-471 (JNE/TNL), 2016 WL 158518 (D. Minn. Jan. 13, 2016). These claims were dismissed on January 13, 2016. *See id.* The pending, second action, now before the Court, again alleges that Walden University discriminated against Nleme and asserts claims under both federal and state law. (*See* Dkt. No. 1.)

    The R&R recommends that the action be summarily dismissed with prejudice because most claims are barred by collateral estoppel or res judicata, and the claim not barred by res judicata is insufficiently pled. (*See* Dkt. No. 4.) The R&R also recommends denying Nleme's application to proceed in forma pauperis because the Complaint fails to state a claim on which relief may be granted. (*See id.*) Neither party objected to the R&R. Nevertheless, the Court has conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

D. Minn. LR 72.2(b)(3). Based on that review, the Court accepts the R&R's recommend disposition. However, the Court modifies the reasoning underlying the disposition as follows.

In Nleme's first action, three of his federal discrimination claims were dismissed with prejudice. These claims arose under Title IV of the Civil Rights Act of 1964, the Equal Education Opportunities Act of 1974, and the Civil Rights Act of 1991 (the "Original Three Claims"). In this second action, Nleme again asserts discrimination claims under these same Acts (the "Renewed Three Claims"). The R&R determined that the Original Three Claims and the Renewed Three Claims are similar because they involve the same set of facts. The R&R then reasoned that collateral estoppel bars litigation of the Renewed Three Claims. (Dkt. No. 4.) However, the Renewed Three Claims are barred by res judicata.

> The Supreme Court has articulated when collateral estoppel or res judicata applies:
>
> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies *based on the same cause of action*. Under the doctrine of collateral estoppel, on the other hand, the second action is *upon a different cause of action* and the judgment in the prior suit precludes relitigation of *issues* actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979) (emphasis added); *see also Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990) (quoting *Parklane*). Thus, res judicata is often referred to as "claim preclusion" because it precludes the relitigation of causes of actions (claims), whereas collateral estoppel is referred to as "issue preclusion" because it precludes the relitigation of factual or legal issues. *See Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998); *Lane*, 899 F.2d at 741 n.3.

Because the R&R concluded that the Renewed Three Claims (rather than relitigation of any issues) are barred, res judicata was the proper doctrine to apply in this case. *See Lane*, 899 F.2d at 742. (affirming dismissal, but substituting res judicata for collateral estoppel as the

reason why claims were precluded); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("[C]laim preclusion . . . forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"); *Welk v. Fed. Nat'l Mortg. Ass'n*, 561 F. App'x 577, 578-79 (8th Cir. 2014) (unpublished) (stating that because the same claim was being considered a second time, only claim preclusion applied).

Res judicata bars the reassertion of claims if three requirements are met: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the decision was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *United States v. Brekke*, 97 F.3d 1043, 1047 (8th Cir. 1996). Causes of action are the same if they involve claims that arise out of the same nucleus of operative facts. *See Lane*, 899 F.2d at 742 (adopting the definition in Restatement (Second) of Judgments § 24 (1980)).

The Renewed Three Claims are barred by res judicata. First, the Court had jurisdiction over the prior action under 28 U.S.C. § 1331. Second, the Original Three Claims were dismissed on the merits for failure to state a claim, and the judgment has since become final. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). Third, the parties are the same. And the Renewed Three Claims are the same causes of action as the Original Three Claims; they involve the same claims and nucleus of operative facts. Therefore, res judicata bars the Renewed Three Claims.

Next, the Court agrees with the R&R's reasoning that the other claims in this second action—with the exception of the Title VI claim—are barred by res judicata. However, the Court disagrees with the R&R's determination that both Minnesota and federal res judicata doctrines

must be considered. The R&R reasoned that both doctrines must be considered because this second action's claims "are brought pursuant to both federal and state law, and this Court's jurisdiction under both 28 U.S.C. §§ 1331 and 1332 is invoked." (Dkt. No. 4 at 4.) However, the Court's current grounds for jurisdiction do not decide which res judicata doctrine to apply.

Federal law governs the issue of res judicata when the question is the preclusive effect of a judgment on claims arising under federal law, rendered by a federal court. *See Taylor*, 553 U.S. at 891; *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). State res judicata doctrine governs when state law supplied the rule of decision to a federal court sitting in diversity in the prior action. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001); *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997). Nleme's first action was in federal court and involved only federal claims. Therefore, federal law governs the preclusive effect of the first action's judgment, and Minnesota's res judicata doctrine is inapplicable. *See Poe*, 695 F.2d at 1105. Notwithstanding this, the R&R adequately applied federal res judicata doctrine in determining that the other claims are barred.

Therefore, IT IS ORDERED THAT:

1. This action is summarily DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's application to proceed in forma pauperis [Dkt. No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 6, 2016

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge